IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE COMPANY, *Plaintiff*, | § § § § | |
| v. | § § § | Civil Action No. 5:21-cv-00158 |
| EUSTACIO PERALES and PROSPERITY TRAVELS, INC., *Defendants*. | § § § § | |

**ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff National Liability & Fire Insurance Company files this Original Complaint for declaratory relief pursuant to the United States Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and in support thereof, respectfully shows as follows:

**PARTIES**

1. Plaintiff National Liability & Fire Insurance Company ("National") is an insurance company incorporated in the State of Connecticut with its principal place of business in Omaha, Nebraska. Consequently, National is a citizen of Connecticut and Nebraska. *See* 28 U.S.C. § 1332(c)(1).

2. Defendant Eustacio Perales ("Perales"), is an individual domiciled in Tarrant County, Texas. Accordingly, Perales is a citizen of Texas. *See* 28 U.S.C. § 1332(a)(1). Perales may be served with process by delivering summons with a copy of this Original Complaint attached thereto to him in person, at his last known address or wherever else he may be found.

3. Defendant Prosperity Travels, Inc. ("Prosperity") is a Texas Corporation formed and organized under the law of Texas with its principal place of business at 104 W. Villaret

Blvd., San Antonio, Texas 78221.  Consequently, Prosperity is a citizen of Texas.  *See* 28 U.S.C. § 1332(c)(1).  Prosperity may be served with process by delivering summons with a copy of this Original Complaint attached thereto to its registered agent for service, Jacob Hidalgo at 642 Gillette Boulevard # 306, San Antonio, Texas 78221, or wherever he may be found.

## JURISDICTION

4. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because this action is between citizens of different states.  The amount in controversy, without interest and costs, exceeds $75,000, because National seeks a declaration that it has no duty to defend or indemnify Prosperity in another lawsuit seeking to recover more than $75,000 in damages.

## VENUE

5. This action is being brought in this judicial district because the insurance policy that is the subject of this declaratory-judgment action was issued to a Texas insured that has its principal place of business in this district, and one or more of the defendants is subject to personal jurisdiction in this district.  *See* 28 U.S.C. § 1391(b).

## BACKGROUND

6. This declaratory judgment action arises from a claim for personal injuries allegedly sustained by Defendant Perales on or about September 28, 2019, while he was a passenger on a bus that was being operated by Prosperity.  Prosperity is the Named Insured on Business Auto Policy No. 73APS089516 (the "Policy"), which was issued by National.  (*See* Ex. A.)  The National Policy does not cover bus operations or accidents in Mexico.

7. On October 23, 2020, Perales filed a lawsuit against Yoguis Tours, Prosperity, and "John Doe Driver," an unnamed party who was allegedly operating the bus "while working in the course and scope of his/her employment" with Prosperity.  The suit, which was assigned

Cause No. 141-319747-20 (the "Underlying Lawsuit"), is pending in the 141st Judicial District for Tarrant County, Texas.  On October 23, 2020, an order granting partial non-suit without prejudice was entered dismissing Yoguis Tours and "John Doe Driver" from the Underlying Lawsuit.  On the same day, Perales filed his First Amended Original Petition and Request for Disclosure (the "Petition").  (Ex. B.)

8. Perales alleges that the Prosperity driver "was following too closely behind an 18 wheeler that came to a stop" and "[a]s a result of following too closely, [Prosperity's] employee swerved suddenly and abruptly causing [Perales], along with other passengers to fall out of their seats" (the "Accident").  (Ex. B, Section V.)  Perales claims that he specifically fell out of his seat and "fractured his back." (*See id.*)  Perales seeks damages "in excess of $250,000.00 but not more than $1,000,000.00." (*Id.*, Section II.)  Therefore, the damages sought plainly exceed $75,000.

9. The Policy generally covers "damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'"  (Ex. A, ¶ II.A.)  But the Policy further provides that only "accidents" and "losses" occurring within the "coverage territory" are covered.  (*Id.*, ¶ IV.B.7.) The "Coverage Territory" is defined as follows:

   (1) The United States of America;

   (2) The territories and possessions of the United States of America;

   (3) Puerto Rico;

   (4) Canada; and

   (5) Anywhere in the world if:

       (a) A covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less; and

  (b) The "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico or Canada or in a settlement we agree to.

(*Id.*)  The Coverage Territory does not include Mexico.

  10. The complaint in the Underlying Lawsuit alleges that the bus "departed from Texas." (Ex. B, Section V.)  However, Perales admits that the bus "was in Mexico at the time of the incident." (Ex. B, Section V.)  Consequently, the Accident occurred in Mexico—outside of the Coverage Territory.

  11. National is currently defending Prosperity in the Underlying Litigation subject to a reservation of rights.  However, because the Accident did not occur within the Policy's Coverage Territory, National seeks a declaration that it has no duty to defend Prosperity, or any other defendant, person or entity against any claims arising from the Accident, including, but not limited to, those asserted in the Underlying Lawsuit.

  12. The same reasons that negate National's duty to defend also negate any possibility that National will ever have a duty to indemnify.  Accordingly, National also seeks a declaration that it has no duty to indemnify Prosperity or any other defendant, person or entity for any claims arising from the Accident, including, but not limited to, those asserted in the Underlying Lawsuit.

## REQUEST FOR DECLARATORY RELIEF

  13. An actual controversy now exists concerning National's obligations, if any, to defend its Named Insured, Defendant Prosperity Travels, Inc., or any other defendant, person or entity, against any claims arising from the Accident, including, but not limited to, those asserted in the Underlying Lawsuit.  A declaratory judgment concerning the rights of the parties under the

Policy is therefore authorized to resolve any uncertainty regarding the parties' rights and obligations under the Policy.  *See* 28 U.S.C. § 2201.

## PRAYER

WHEREFORE, Plaintiff National Liability & Fire Insurance Company prays that the Court enter judgment declaring that:

i. National does not have a duty to defend its Named Insured, Defendant Prosperity Travels, Inc., or any other defendant, person, or entity, against any claims arising from the Accident, including, but not limited to, those asserted in the Underlying Lawsuit; and

ii. National does not have a duty to indemnify its Named Insured, Prosperity Travels, Inc., or any other defendant, person, or entity, for any claims arising from the Accident, including, but not limited to, those asserted in the Underlying Lawsuit.

National also prays for any additional relief to which it may be entitled.

    Respectfully submitted,

*/s/ Susan A. Kidwell*

Susan A. Kidwell
State Bar No. 24032626
Sarah E. Lancaster
State Bar No. 24092663
LOCKE LORD LLP
600 Congress Avenue, Suite 2200
Austin, Texas  78701
(512) 305-4700 (Telephone)
(512) 305-4800 (Facsimile)
skidwell@lockelord.com
slancaster@lockelord.com

ATTORNEYS FOR PLAINTIFF
NATIONAL LIABILITY & FIRE INSURANCE COMPANY